## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTINA HILFERTY | : | CIVIL ACTION NO. |
| *Plaintiff,* | : | |
| vs. | : | |
| ACME MARKETS, INC. | : | |
| *Defendant.* | : | JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

**I.   PRELIMINARY STATEMENT:**

1.   This is an action for an award of damages, attorney's fees and other relief on behalf of Plaintiff, Christina Hilferty, who has been harmed by Defendant, Acme Markets, Inc.'s sexually harassing and retaliatory practices.

2.   This action is brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e), et seq., as amended by the Civil Rights Act of 1991, at 42 U.S.C. §1981(a) ("Title VII") and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951, et seq.

**II.   JURISDICTION AND VENUE:**

3.   The jurisdiction of this Court is invoked, and venue is in this district pursuant to Title 28 U.S.C. §1331 and §1391 and Plaintiff Hilferty's claims are

-1-

substantively based on Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), et seq., as amended by the Civil Rights Act of 1991, at 42 U.S.C. §1981(a).

4. The supplemental jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §1367, to consider Plaintiff Hilferty's claims arising under the PHRA.

5. All conditions precedent to the institution of this suit have been fulfilled. On February 3, 2010, a Notice of Right to Sue was issued by the United States Equal Employment Opportunity Commission. This action has been filed within ninety (90) days of receipt of said notice.

### III. PARTIES:

6. Plaintiff, Christina Hilferty ("Plaintiff Hilferty"), is an adult female and citizen of the Commonwealth of Pennsylvania, residing therein at 7335 Revere Street, Philadelphia, Pennsylvania 19152.

7. Defendant, Acme Markets, Inc. ("Defendant"), is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania and operating a place of business at 6601 Roosevelt Boulevard, Philadelphia, Pennsylvania 19136.

8. At all times relevant hereto, the Defendant was acting through its agents, servants, and employees, who were acting within the scope of their authority, course of employment, and under the direct control of the Defendant.

9. At all times material herein, the Defendant is and has been a "person" and

"employer" as defined under Title VII and the PHRA and is subject to the provisions of said Acts.

## IV. STATEMENT OF CLAIMS

10. Plaintiff Hilferty, a twenty year old female individual, was employed by Defendant from on or about May 15, 2006 until in or about May of 2009.

11. During the course of her employment, Plaintiff Hilferty held the position of Cashier and at all times maintained a satisfactory job performance rating in that capacity.

12. In or about August of 2007, George Bellamy ("Bellamy"), Customer Service Representative, embarked upon a campaign of sexual harassment directed at the young Plaintiff Hilferty, which included various instances of uninvited and unwanted sexual remarks and conduct.

13. By way of example, on at least one occasion, Bellamy told Plaintiff Hilferty that she was a "dirty girl" after he saw Plaintiff Hilferty walking with a group of male friends.

14. By way of further example, on at least two occasions, Bellamy entered Plaintiff Hilferty's cashier area and rubbed up against her body in a sexually-offensive manner, making Plaintiff Hilferty extremely uncomfortable.

15. Furthermore, on one occasion, Bellamy witnessed Plaintiff Hilferty eating a strawberry and said in a lewd fashion, "Wow Hilferty, I didn't know you could stretch

that wide!" The next time Bellamy saw Plaintiff Hilferty he winked and stated, "Hey Hilferty, there are more strawberries back here."

16. At all times relevant hereto, Plaintiff Hilferty opposed Bellamy's uninvited and unwanted sexual harassment.

17. In connection therewith, in or about May of 2008, Plaintiff Hilferty registered a complaint of sexual harassment with Greg Harnes ("Harnes"), Manager, and Paul Moran ("Moran"), Store Director. However, Harnes and Moran failed to conduct an investigation of Plaintiff Hilferty's complaint and took no corrective action which would cause said harassment to cease.

18. Instead, in retaliation for registering the aforesaid complain of sexual harassment, in or about May of 2008, the Defendant unjustifiably reduced Plaintiff Hilferty's work schedule to just 10-13 hours per week. In stark contrast, Plaintiff Hilferty was scheduled to work 20-25 hours per week prior to registering a complaint of sexual harassment.

19. Furthermore, notwithstanding her complaint of sexual harassment, the Defendant has continued to schedule Plaintiff Hilferty to work with Bellamy despite her specific request that she and Bellamy work separate shifts.

20. As a result of the aforesaid sexually harassing and retaliatory conduct, Defendant has created an intolerable and hostile work environment designed to interfere with Plaintiff Hilferty's employment and to victimize her for her stated opposition to

unlawful sexual harassment.

## COUNT I
### (TITLE VII- Hostile Work Environment, Sexual Harassment and Retaliation)
### Plaintiff Hilferty v. the Defendant

21. Plaintiff incorporates by reference paragraphs 1 through 20 of her Complaint as though fully set forth at length herein.

22. Based on the foregoing, Defendant has engaged in unlawful practices in violation of Title VII. The said unlawful practices for which Defendant is liable to Plaintiff Hilferty include, but are not limited to subjecting Plaintiff Hilferty to unlawful sexual harassment, creating a hostile work environment and retaliating against Plaintiff Hilferty for registering a complaint relative to same.

23. As the direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant, as aforesaid, in violation of Title VII, Plaintiff Hilferty has sustained a loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, plus back pay, front pay, and interest due thereon.

## COUNT II
### (PHRA- Hostile Work Environment, Sexual Harassment and Retaliation)
### Plaintiff Hilferty v. the Defendant

24. Plaintiff Hilferty incorporates by reference paragraphs 1 through 23 of her Complaint as though full set forth at length herein.

25. Based on the foregoing, the Defendant has engaged in unlawful practices in

violation of the PHRA. The said unlawful practices for which Defendant is liable to Plaintiff Hilferty include, but are not limited to subjecting Plaintiff Hilferty to unlawful sexual harassment, creating a hostile work environment and retaliating against Plaintiff Hilferty for registering a complaint relative to same.

26. As the direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant, as aforesaid, in violation of the PHRA, Plaintiff Hilferty has sustained a loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, plus back pay, front pay, and interest due thereon.

## PRAYER FOR RELIEF

27. Plaintiff Hilferty incorporates by reference paragraphs 1 through 26 of her Complaint as though fully set forth at length herein.

**WHEREFORE,** Plaintiff Hilferty requests this Court to enter judgment in her favor and against Defendant and order that:

(a) Defendant compensate Plaintiff Hilferty with a rate of pay and other benefits and emoluments of employment, to which she would have been entitled, had she not been subjected to unlawful discrimination;

(b) Defendant compensate Plaintiff Hilferty with an award of front pay, if appropriate;

(c) Defendant compensate Plaintiff Hilferty for the wages and other benefits and

emoluments of employment lost, because of its unlawful conduct;

 (d) Defendant to pay Plaintiff Hilferty compensatory damages for future pecuniary losses, pain and suffering, inconvenience, mental anguish, loss of employment and other non pecuniary losses as allowable;

 (e) Defendant pay to Plaintiff Hilferty punitive damages, pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

 (f) The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff Hilferty demands trial by jury.

SIDNEY L. GOLD & ASSOCIATES, P.C.

By: /s/Sidney L. Gold, Esquire
  SIDNEY L. GOLD, ESQUIRE
  I.D. NO.: 21374
  SUSAN R. WEXLER, ESQUIRE
  I.D. NO.:200209
  1835 Market Street, Suite 515
  Philadelphia, PA 19103
  (215) 569-1999
  **Attorneys for Plaintiff**

DATED: March 2, 2010